[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This memorandum of decision addresses two motions pending before the court: the defendant's motion for summary judgment filed on September 25, 2002, and the plaintiff's motion to deny the defendant's summary judgment filed on November 8, 2002.
On November 7, 2000, the plaintiff, Jason Ayres, filed a one-count complaint against the defendant,[1] Marianne Leonard, personally and d/b/a Stew Leonard's, seeking damages for work-related injuries he allegedly sustained on June 1, 2000. The plaintiff alleges that because of the wilful and serious misconduct of the defendant, he was injured during the course of his employment when he was struck by a forklift operated by a co-worker, Haywood Ticking.[2] The plaintiff filed a workers' compensation claim on June 9, 2000.
The defendant filed an answer and special defenses on February 20, 2001, in which she denies that wilful or serious misconduct on her part caused the injuries to the plaintiff and asserts as a special defense that the plaintiff's claims are barred by General Statutes § 31-284.
On September 25, 2002, the defendant moved for summary judgment (#125) on the ground that the plaintiff's claims are barred by the exclusivity provisions of the Workers' Compensation Act, specifically § 31-284
(a).[3] In support of her motion, the defendant filed a memorandum of law, the certified depositions of Ayres and Ticking, excerpts of an interrogatory, and a copy of Ticking's driving check card. On November 8, 2002, the plaintiff filed an opposing memorandum,[4] attaching his own affidavit, a copy of a redacted report by an inspector for the U.S. Department of Labor Occupational Safety Health Administration (OSHA), a copy of the Norwalk police report of the incident, and a redacted written warning Stew Leonard's gave to Ticking.
Pursuant to Practice Book § 17-47,[5] on November 8, 2002, the plaintiff asked the court to deny the defendant's motion for summary CT Page 2949 judgment because the defendant wilfully and intentionally destroyed videotape evidence that was pertinent to the plaintiff's case. The plaintiff asserts that to grant the defendant's motion would allow the defendant to benefit from her own misconduct. On November 11, 2002, the defendant filed an objection to plaintiff's motion, asserting that: (1) the videotape was destroyed in accordance with regular company procedure and not with an intention to destroy evidence; and (2) the videotape is irrelevant because it would not have provided evidence that the defendant instructed the plaintiff to do the specific act which caused his injury or that the defendant was substantially certain that plaintiff's injury would occur.
As a preliminary matter, this court will address the plaintiff's motion in which he asks the court to deny the defendant's motion for summary judgment because the defendant wilfully and intentionally destroyed a video tape that was material to the plaintiff's proof. Practice Book § 17-47 empowers a party against whom a summary judgment motion is filed to file an affidavit stating that "such party cannot, for the reasons stated, present facts essential to justify opposition." In the present case, the facts that are essential to the plaintiff's opposition are whether the plaintiff's injuries were caused by the wilful and serious misconduct of the defendant, so that the plaintiff may overcome the exclusivity provisions of the Workers' Compensation Act.
When a party to a civil case intentionally spoils evidence, the problem is appropriately addressed, by having the "trier of fact . . . draw an inference . . . that the destroyed evidence would have been unfavorable to the party that destroyed it." Beers v. Bayliner Marine Corp.,236 Conn. 769, 775, 675 A.2d 829 (1996). In Beers, however, the court declined to adopt a blanket approach and elaborated that "an adverse inference may be drawn against a party who has destroyed evidence only if the trier of fact is satisfied that the party who seeks the adverse inference has proven the following. First, the spoliation must have been intentional . . . By this, we do not mean that there must have been an intent to perpetrate a fraud by the party or his agent who destroyed the evidence but, rather, that the evidence had been disposed of intentionally and not merely destroyed inadvertently . . . Second, the destroyed evidence must be relevant to the issue or matter for which the party seeks the inference . . . Third, the party who seeks the inference must have acted with due diligence with respect to the spoliated evidence. For example, the spoliator must be on notice that the evidence should be preserved . . . Finally . . . the trier of fact must be instructed that it is not required to draw the inference that the destroyed evidence would be unfavorable but that it may do so upon being satisfied that the above conditions have been met." (Citations omitted.) CT Page 2950Id., 777-79. Moreover, the court specifically noted "the inference does not supply the place of evidence of material facts and does not shift the burden of proof so as to relieve the party upon whom it rests of the necessity of establishing a prima facie case, although it may turn the scale when the evidence is closely balanced." (Internal quotation marks omitted.) Id., 779.
In this case, the evidence establishes that an inspector for OSHA visited the defendant's premises two days after the accident and returned about two weeks later to review the security tape. In her response to the plaintiff's interrogatories, the defendant acknowledges that a security videotape existed, but claims that "this tape cannot be located at this time and is presumed to have been taped over as the regular procedure." This evidence is sufficient to show that the defendant was aware that the tape should have been preserved, but does not necessarily prove that she intentionally disposed of it. Moreover, it is not clear that the tape would have been relevant to the issue of whether the plaintiff was injured as a result of the defendant's wilful or intentional conduct. Finally, as explained herein, the plaintiff fails to provide the court with any other evidence on this issue.
As to the defendant's motion for summary judgment, summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . ." (Citation omitted; internal quotation marks omitted.) Appleton v. Board of Education, 254 Conn. 205, 209,757 A.2d 1059 (2000).
"[A]lthough the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . ., a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) BuellIndustries, Inc. v. Greater New York Mutual Ins. Co., 259 Conn. 527, CT Page 2951 550, 791 A.2d 489 (2002).
The defendant contends that her motion for summary judgment should be granted on the ground that the plaintiff cannot demonstrate that the defendant knew with substantial certainty that the plaintiff would be injured, and therefore the plaintiff's action is, as a matter of law, barred by the exclusivity provisions of the Workers' Compensation Act. The defendant argues that although the plaintiff has alleged that Ticking has vision problems and had a prior accident with the forklift, this does not create a material fact as to whether the defendant knew that plaintiff's injuries were substantially certain to occur. The defendant further contends that plaintiff has not alleged that she took any affirmative action to injure the plaintiff, but instead alleges that she failed to take certain enumerated safety measures. As such, the defendant argues that the allegations are nothing more than simple negligence, and are insufficient to overcome the exclusivity provisions of the Workers' Compensation Act.
The plaintiff counters that genuine issues of material fact exist which must be decided by a jury. Specifically, the plaintiff alleges that his injuries were caused by the defendant's wilful and serious misconduct in that she: allowed Ticking to operate the forklift despite her knowledge that Ticking had been involved in other incidents in which he injured other employees while he was driving the forklift; allowed Ticking to operate the forklift despite knowing that he had not been properly trained on the equipment; never warned the plaintiff that Ticking was not qualified to drive the forklift or advised him to avoid locations where he was likely to come into contact with Ticking; failed to train and sufficiently supervise Ticking to detect that he was unqualified to operate the forklift; or, did train and supervise Ticking, yet failed to revoke or suspend his driving privileges despite knowing he was incompetent to operate the forklift; and, knew or should have known that allowing a high turnover of managers in the plaintiff's department increased the risk of injury to employees. The plaintiff further alleges that the defendant's intentional conduct was substantially certain to cause the plaintiff's injuries. Therefore, the plaintiff asserts, the June 1, 2000 incident falls within the exception to the workers' compensation exclusivity rule set forth in Suarez v. Dickmont Plastics,229 Conn. 99, 639 A.2d 507 (1994).
"Workers' compensation systems ordinarily are limited to recovery in tort actions for injuries arising in the workplace during the course of employment and compensate employees for such injuries . . . In most cases, the Connecticut act is a bar to independent actions filed by an employee against an employer for an injury that occurs at the workplace." CT Page 2952 (Citation omitted.) Morocco v. Rex Lumber Co., 72 Conn. App. 516,520-21, 805 A.2d 168 (2002). The relevant portion of the exclusivity provisions of the Workers' Compensation Act is contained in § 31-284
(a), which provides in relevant part: "An employer who complies with subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained . . ." The exclusivity provision of the act "manifests a legislative policy decision that a limitation on remedies under tort law is an appropriate trade-off for the benefits provided by workers' compensation." Driscoll v. GeneralNutrition Corp., 252 Conn. 215, 220-21, 752 A.2d 1069 (2000).
The Supreme Court has interpreted "the exclusivity provisions of . . . General Statutes § 31-284 (a), as a total bar to common law actions brought by employees against employers for job related injuries with one narrow exception that exists when the employer has committed an intentional tort or where the employer has engaged in wilful or serious misconduct." Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 106,639 A.2d 507 (1994). An employee will prevail only by proving, "the employer actually intended to injure the plaintiff (actual intent standard) or that the employer intentionally created a dangerous condition that made the plaintiff's injuries substantially certain to occur (substantial certainty standard)." Suarez v. Dickmont PlasticsCorp., 242 Conn. 255, 257-58, 698 A.2d 838 (1997).
In this case, the plaintiff contends that his action comes within the substantial certainty standard. "The substantial certainty test . . . still allows for a plaintiff to maintain a cause of action against an employer where the evidence is sufficient to support an inference that the employer deliberately instructed an employee to injure himself." (Internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp.,supra, 229 Conn. 109-10. The employer "must have intended the act and have known that the injury was substantially certain to occur from the act." Suarez v. Dickmont Plastics Corp., supra, 242 Conn. 280. Under the substantial certainty test, "the plaintiff must [establish] . . . that the employer intentionally created a dangerous condition that made the plaintiff's injuries substantially certain to occur . . . [T]he characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances . . . Not only the action producing the injury but the resulting injury also must be intentional." (Internal quotation marks omitted.) Melanson v. WestHartford, 61 Conn. App. 683, 688, 767 A.2d 764, cert. denied,256 Conn. 904, 772 A.2d 595 (2001). "What is being tested is not the degree of gravity of the employer's conduct, but, rather, the narrow CT Page 2953 issue of intentional versus accidental conduct." Suarez v. DickmontPlastics Corp., supra, 242 Conn. 279. "The exception does not include accidental injuries caused by gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of genuine intentional injury." (Internal quotation marks omitted.) Morocco v. Rex Lumber Co.,supra, 72 Conn. App. 521.
In support of his objection to the motion for summary judgment, the plaintiff submits an affidavit in which he states that he and other co-workers knew that Ticking was incompetent, unqualified and unfit to drive the forklift. The only other competent evidence that supports his statement is Ticking's deposition testimony in which Ticking admitted to having a previous incident with a forklift, but that no one was injured. The plaintiff also submitted a copy of a report that the OSHA investigator filed in regard to the incident. The investigator evaluated the defendant's overall safety and health program and gave it an evaluation of average for its communication to employees, enforcement and safety training program. The OSHA inspector concluded the incident involving the plaintiff was caused by employee misconduct on the part of Ticking, but that the defendant had appropriate programs in place and the actions taken were adequate. The defendant submitted Ticking's deposition in which he stated that he has been employed by the defendant since 1988 and has operated a forklift since that time with a license. Ticking underwent training on the forklift on a regular basis with the defendant, and was last certified on the forklift on February 7, 2000. A written warning was given to Ticking on June 2, 2000, as a result of the incident with the plaintiff.
Therefore, although the plaintiff's evidence may show that the defendant was inattentive to safety precautions, it does not amount to evidence from which one might reasonably and logically infer that the defendant believed its conduct was substantially certain to cause injury to the plaintiff. The evidence submitted by the plaintiff amounts to no more than evidence that the defendant may have failed to institute appropriate safety or protective measures. An employer's "[f]ailure to take affirmative remedial action, even if wrongful, does not demonstrate an affirmative intent to create a situation that causes persons injury." (Internal quotation marks omitted.) Morocco v. Rex Lumber Co., supra,72 Conn. App. 525-26. "[T]he substantial certainty standard requires a showing that the activity producing the injury [to the employee] was intentional or deliberate and the resulting injury, from the standpoint of the employer, was substantially certain to result from the employer's acts or conduct." Ramos v. Branford, 63 Conn. App. 671, 680, 778 A.2d 972
(2001). CT Page 2954
While the accident to the plaintiff undeniably caused the plaintiff pain and suffering, the circumstances of this case do not warrant applying the narrow exception to the exclusivity of the Workers' Compensation Act. The plaintiff has not offered evidence to establish a factual predicate that the defendant knew with substantial certainty that the plaintiff would be injured. Therefore, the defendant's motion for summary judgment is granted.
So Ordered.
Dated at Stamford, Connecticut, this 6th day of March 2003.
William B. Lewis, Judge